UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CR-12 |
| | ) | |
| PATRICIA GUZMAN | ) | |

## OPINION AND ORDER

This matter is before the court for resolution of an objection filed by the defendant, Patricia Guzman ("Guzman") to her sentence calculation. Guzman filed a Sentencing Memorandum on June 10, 2009 (docket at 21), in which she raised an objection to the Presentence Investigation Report ("PSIR") prepared by the U.S. Probation Department. The United States of America ("the government") filed a response to Guzman's memorandum on June 11, 2009 (docket at 22). For the following reasons, Guzman's objection is OVERRULED.

## DISCUSSION

In her memorandum, Guzman objects to the PSIR and argues that her total offense level under the United States Sentencing Guidelines ("U.S.S.G.") is overstated. Defendant's Memorandum, p. 1. The Probation Department determined that Guzman's total offense level is 7. Guzman argues that "the offense level is overstated by 2 points [because] there is an adjustment for Guzman's role in the offense. The PSIR alleges that Guzman abused a position of trust in the commission of the offense and therefore 2 points are added. . . . Guzman's position is that it is inappropriate to add these 2 points . . . ." *Id.*

On March 17, 2009, Guzman pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. *See* docket at 17. The Indictment filed in this case alleged that Guzman, while employed with the Indiana Department of Workforce Development, committed mail fraud when

she knowingly and intentionally diverted funds allocated for persons receiving unemployment compensation for her own use. Indictment, docket at 1. At the time of the offense, Guzman was employed as a Claims Taker with Workforce Development. *Id*. Guzman argues that she was merely a low-level employee, that she had no supervisory authority, and that her job "was very much like that of a hotel clerk or a bank teller." Defendant's Memorandum, p. 2. Guzman believes that the two-point enhancement for abuse of a position of trust, the authority for which is found at U.S.S.G. § 3B1.3, applies only to more senior level employees who have some sort of supervisory or managerial control in their jobs. *Id*.

The government responds to Guzman's objection by arguing that "the defendant should receive the enhancement under Application Note 2(B) to U.S.S.G. § 3B1.3. Specifically, Ms. Guzman was a state employee who by entering false information into the unemployment computer system caused an unemployment funds card of another person to be wrongfully issued to, in essence, herself so she could steal the funds." Government's Response, p. 1. The government contends that the facts of this case bring it squarely within an example contained in the Application Note that accompanies § 3B1.3.

U.S.S.G. § 3B1.3 states, in relevant part, as follows: "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase [the offense level] by 2 levels."

Application Note 2 to that Guideline section presents examples of defendants to whom the enhancement might apply. One of those examples is "an employee of s state motor vehicle department who exceeds or abuses the authority of his or her position by knowingly issuing a driver's license base on false, incomplete, or misleading information . . . ." U.S.S.G. Manual,

2

2008.

The Seventh Circuit Court of Appeals has rejected the argument that Guzman presents in this case, that is, that the nature of her job was so low-level that she should not be viewed as having held any position of trust. *See United States v. Cruz*, 317 F.3d 763 (7th Cir. 2003) (employees may hold positions of trust even when they do not occupy upper-level or even supervisory positions).

The court concludes that the two-point enhancement under U.S.S.G. § 3(B)1.3 is appropriate in this case, given the defendant's employment as a state employee with the Department of Workforce Development, the trust bestowed upon her in that capacity, i.e., the duty of handling public funds for the benefit of citizens, and the nature of her offense.

## CONCLUSION

For the reasons discussed above, the objection to the Presentence Investigation Report filed by the defendant, Patricia Guzman, is OVERRULED.

Dated: June 22, 2009.

                                                                s/William C. Lee
                                                                  William C. Lee, Judge
                                                             United States District Court
                                                            Northern District of Indiana